DICKINSON, Justice,
for the Court.
¶ 1. This case arises out of a traffic accident between a resident of Rankin County, Mississippi, and a resident of Hinds County, Mississippi. The parties dispute whether the accident occurred in Rankin County or in Hinds County. The plaintiff sued the defendants in Hinds County, and the defendants filed a motion to transfer venue to Rankin County. The trial court found that venue was proper in Hinds County, and the defendants filed this interlocutory appeal. Finding the trial court to be in error, we reverse.
FACTS
¶2. On July 8, 2006, at approximately 10:18 p.m., Shannon Holmes was involved in a motor vehicle accident with Lee McMillan in the roundabout intersection of International Drive and Old Brandon Road, at the entrance to the Jackson-Evers International Airport. Officer Patrick Minor of the Jackson Police Department arrived at the scene within minutes of the accident to investigate. Officer Minor noted in his Uniform Crash Report that the accident had occurred in the City of Jackson and stated in the “Collision Narrative” that:
*616 [Holmes] was driving west on Old Brandon Road and said the brakes on her car would [sic] stop her vehicle and that is what caused the accident. [McMillan] was traveling east on Old Brandon Road headed to the Jackson-Evers International Airport. He entered into the round-a-bout and was hit by [Holmes].
¶ 3. Officer Minor further noted that Holmes had a valid driver’s license, but that she had no proof of insurance. He indicated that McMillan had a valid driver’s license and an insurance policy with State Farm Mutual Automobile Insurance Company. At the time of the accident, Holmes resided in Rankin County, Mississippi, and McMillan resided in Hinds County, Mississippi.
¶ 4. McMillan claims to have been injured in the accident resulting in medical expenses in excess of $60,000. After the accident, McMillan filed a claim for uninsured motorist benefits with State Farm. State Farm refused to pay McMillan an amount that was satisfactory to him, but sent him a letter along with a check for $3,000.
¶ 5. McMillan filed a complaint in the County Court of Hinds County against State Farm, alleging breach of contract with McMillan by failure to honor his insurance policies[1] and Holmes against alleging negligent conduct on the night of the accident. Both State Farm and Holmes (hereinafter, jointly referred to as “the Defendants”) timely filed their answers. State Farm also filed a motion to dismiss or transfer venue, and Holmes filed a motion to transfer venue. McMillan responded to these motions, and both Defendants filed rebuttals to McMillan’s response.
¶ 6. The trial court held a hearing regarding the motions to transfer venue, denied both motions, and entered an order to that effect. In finding that venue was proper in Hinds County, the trial court stated at the conclusion of the hearing:
According to the evidence presented here this morning, the accident occurred on International Drive and Old Brandon Road, which is physically located in Rankin County. However, the City of Jackson has jurisdiction over that matter in that it is leading to the airport and it is part of the airport property. So that falls within the jurisdiction of the City of Jackson.
Also from the evidence presented this morning, the accident was investigated by the Jackson Police Department and not by Rankin County or any other official, which shows that the venue should be proper in Hinds County.
For the foregoing reasons, we will allow venue to remain in Hinds County where the original suit was filed.
¶ 7. The Defendants timely filed a joint petition for interlocutory appeal. McMillan filed an answer in opposition to the Defendants’ joint petition for interlocutory appeal, and a panel on this Court granted the Defendants’ joint petition. The Defendants raise one issue on appeal: whether venue is proper in Rankin County pursuant to Mississippi Code Annotated Section 11-11-3, notwithstanding Mississippi Code Annotated Section 61-9-3(3).
ANALYSIS
¶ 8. “Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue.” *617 Hedgepeth v. Johnson, 975 So.2d 235, 238 (Miss.2008) (quoting Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1155 (Miss. 1992)). This Court reviews trial court decisions regarding venue for an abuse of discretion. See, e.g., id. at 237. We will not disturb a trial court’s ruling regarding venue “unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case.” Id. (quoting Hayes v. Entergy Miss., Inc., 871 So.2d 743, 746 (Miss. 2004)). But if the interpretation of a venue statute is at issue, this Court will review the trial court’s decision de novo. Id. (citing Champluvier v. State, 942 So.2d 145,150 (Miss.2006)).
I. Mississippi Code Section 61-9-3
¶ 9. McMillan argues that Mississippi Code Section 61-9-3(3), which regulates “ordinancefs] to incorporate properties constituting an airport or air navigational facility into the corporate boundaries of a municipality,” places venue in Hinds County. The relevant portion of the statute reads as follows:
Subject only to the provisions hereof, and irrespective of the geographic location of the airport or air navigational facility in a county or judicial district other than the county or judicial district within which the principal office of the municipality is located, any such ordinance shall become effective upon the effective date fixed therein. On and after such effective date and on or after March 10, 1976 all laws, municipal ordinances, and local options effective in the mimicipality as a result of municipal, judicial district and county options exercised in the municipality, judicial district or the county within which the principal office of the municipality is located, and all other laws, orders, codes and resolutions of and applicable to the municipality availing or having availed itself of the provisions hereof as well as those of the board of supervisors of the county in which the principal office of the municipality is located, shall be applicable to such airport or air navigational facility; provided, however, that no permit for the sale of any alcoholic beverage as defined in section 67-1-5, Mississippi Code of 1972, except an on-premises retailer’s permit as authorized by section 67-l-51(c), shall be issued for use at such airport or air navigational facility. Venue for the trial of all offenses against such laws and ordinances shall be in the county in which the principal office of the municipality is located.
Miss. Code Ann. § 61-9-3(3) (Rev.2004) (emphasis added). The plain language of Section 61-9-3(3) indicates that the venue requirement of this section applies for trials of violations of laws, ordinances, and local options which result from actions by municipal officials and any laws which are “of and applicable to the municipality ” which incorporated an airport or air navigational facility.
¶ 10. McMillan argues only that Holmes violated Mississippi Code Sections 63-15-43 and 63-3-801, and that State Farm violated Mississippi Code Section 83-11-101. These allegations do not meet the requirements of Mississippi Code Section 61-9-3(3), as stated above, because the alleged violations are not against laws resulting from action by the municipal officials of Jackson, nor are they laws which are “of and applicable to” the City of Jackson. The Mississippi statutes are “of’ the Mississippi State Legislature and result from state action, not actions by the municipality of Jackson. Therefore, Mississippi Code Section 61-9-3(3) is inapplicable in the present matter and need not here be interpreted further.
*618 II. Mississippi Code Section 11-11-3(1) (a) (i)
¶ 11. That being said, pursuant to Section 11 — 11—3(l)(a)(i), venue is proper in Rankin County. Mississippi Code Section § 11 — 11—3(l)(a)(I), Mississippi’s venue statute, reads as follows:
Civil actions of which the circuit court has original jurisdiction[2] shall be commenced in the county where the defendant resides, OR, if a corporation, in the county of its principal place of business, OR in the county where a substantial alleged act or omission occurred OR where a substantial event that caused the injury occurred.
Miss.Code Ann. § ll-ll-3(l)(a)(I) (Rev. 2004) (emphasis added pursuant to Hedgepeth v. Johnson, 975 So.2d 285, 238 (Miss. 2008)).
¶ 12. Pursuant to Section 11 — 11— 3(l)(a)(I), this Court holds that the plaintiff cannot establish venue in Hinds County pursuant to any basis provided for in the statute for the following reasons: (1) Holmes, the resident defendant, resided in Rankin County at the time of the accident; (2) corporate defendant State Farm’s principal place of business is in Bloomington, Illinois, i.e., outside of Mississippi; (3) under the facts of this case, the communications received in Hinds County by McMillan between himself and State Farm are not sufficient to show that a “substantial alleged act or omission occurred” in Hinds County, pursuant to this Court’s precedents in Myers[3] and Hedgepeth, and (4) the accident — which certainly occurred in Rankin County — is “a substantial event that caused the injury.”
¶ 13. Here, there is no dispute that Holmes was a Rankin County resident. Furthermore, there is no dispute that the location where the accident occurred, giving rise to this suit, is physically in Rankin County. Even the trial judge acknowledge such by concluding: “The accident occurred on International Drive and Old Brandon Road, which is physically located in Rankin County.” (Emphasis added.) The venue statute says nothing about who happens to own the property where an automobile accident occurs; nor does it concern itself with whose police officers respond to the accident scene. Therefore, venue for the action against Holmes is not proper in Hinds County, but rather in Rankin County.
¶ 14. McMillan also sued his uninsured motorist insurance carrier, State Farm, for breach of contract, claiming it breached the contract of insurance by its failure to pay the claim. According to McMillan’s complaint, “State Farm Mutual Automobile Insurance Company is a non-resident corporation, created organized and existing [sic] under the laws of the Statute of Illinois and has its principal place of business located at One State Farm Plaza, Bloomington, IL 61710.”
*619 ¶ 15. Because State Farm’s principal place of business is outside the state of Mississippi, the venue issue on this claim is controlled by Myers, 956 So.2d 213 (Miss. 2007), and Hedgepeth, 975 So.2d 235 (Miss.2008). Myers involved a lawsuit filed by an insured doctor against his insurance company for failure to renew his malpractice insurance policy. In interpreting the statutory language, “in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred,'[4]” we held that — for venue purposes — the relevant actions of the insurance company were those associated with the company’s decision not to renew the policy. Myers, 956 So.2d at 218-19. We further held that other acts, such as the application for the policy, the receipt of mail, and the payment of premiums, were “insufficient ... for establishing venue.” Id.
¶ 16. According to Myers, “even if an act or omission did not cause the injury, it can nevertheless establish venue if it is both substantial and alleged by the plaintiff.” Id. (emphasis added). However, “the venue statute does not allow the piling of acts or events to establish venue. It specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular jurisdiction in order for venue to be proper there.” Id.[5]
¶ 17. In Hedgepeth, this Court distinguished the facts in Myers, but affirmed that in Myers, the “substantial alleged act or omission” was the failure to renew the insurance policy at issue. Hedgepeth, 975 So.2d at 239-240. In Hedgepeth, however, insurance adjusters personally visited the plaintiffs at their home and denied their claims which resulted from Hurricane Katrina. Id. Furthermore, the Hedgepeth’s insurance agent — the defendant in that matter — came to their home and encouraged the plaintiffs to commit insurance fraud, leading to the plaintiffs emotional distress. The Hedgepeths filed suit in the Circuit Court of Jackson County, which was the county in which their home was located. We held that “substantial alleged acts” and “a substantial event that caused injury” occurred in Jackson County, and therefore, Jackson County was a proper venue in that matter.
¶ 18. With respect to McMillan’s breach-of-contract claim against State Farm, the relevant acts to be examined are those associated with the denial of the claim. The record clearly establishes that the decision to reject the plaintiffs settlement demand was made in Alabama, and was communicated by letter which bore an Alabama return address — not in person at McMillan’s residence. Nothing in the record' — and nothing provided by McMillan— suggests that the rejection of the settlement demand was connected to Hinds County. Thus, in accord with our precedent, Hinds County is not an appropriate venue for McMillan’s breach-of-contract claim.
*620 ¶ 19. In his dissent, Justice Kitchens relies on Snyder v. Logan, 905 So.2d 531 (Miss.2005). However, Snyder simply states in dictum that “[t]he trial court was correct in holding that venue was proper in Adams County ...and neither the trial court nor this Court held the reason to be because Snyder had purchased her auto insurance there. Indeed, venue was proper in Adams County because that is where one of the defendants (Logan Insurance Agency) was located. See id. at 533 (“Because there is a resident defendant (Logan Insurance Agency) in the case.... ”). Furthermore, Adams County is where the plaintiff alleged that fraudulent and negligent misrepresentations took place which formed the basis for the fraud claim in the lawsuit. Id. at 532. Finally, and perhaps more importantly, the only issue before this Court in Snyder was whether venue was proper in Jefferson County, the county where the automobile accident had occurred. Id. at 534. We, of course, held that it was.
¶ 20. Because venue of this civil action cleaiiy is not in Hinds County, venue in this case is proper in Rankin County, pursuant to Section ll-ll-3(l)(a)(i). Thus, we find that the trial court erred in concluding that venue was proper in Hinds County.
CONCLUSION
¶ 21. We hold that venue in this action is not proper in Hinds County, but rather is proper in Rankin County. Therefore, the trial court’s order denying the motions to transfer venue filed by State Farm and Holmes is reversed and this matter is remanded for transfer of venue pursuant to this opinion.
¶ 22. REVERSED AND REMANDED.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. McMillan asserted that he had three separate insurance policies with State Farm, all of which provided for uninsured motorist coverage.

. Section 11 — 11—3(l)(a)(I) governs ''[c]ivil actions of which the circuit court has original jurisdiction.” Miss.Code Ann. § 11-11-3(l)(a)(I) (Rev.2004) (emphasis added). Although this case was initiated in county court in Hinds County, county courts “have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusively of costs and interests, the sum of Two Hundred Thousand Dollars ($200,000.00).” Miss.Code Ann. § 9-9-21 (Rev.2002). Though McMillan’s complaint does not specify a damages amount, he states in his answer to the Defendants' joint petition for interlocutory appeal that he incurred medical expenses in excess of $60,000. Therefore, this Court applies Section 11 — 11—3(l)(a)(I).

. Medical Assurance Co. of Miss. v. Myers, 956 So.2d 213 (Miss 2007).

. Miss.Code Ann. § ll-ll-3(l)(a)(I) (Rev. 2004) (emphasis added).

. The Myers Court specifically held: "Completing an application in, and making payments from, Holmes County cannot be considered substantial acts or injury-causing events in this case.” Id. at 219. Myers makes clear that where the injury-causing event that forms the basis of the suit is an act or omission by a party, venue may lie in the county in which that party's act or omission took place, not the county in which the plaintiff acted. Id. The injury-causing event which gives rise to the suit against State Farm in the present matter is the denial of coverage. All substantial events related to that denial occurred in Birmingham, Alabama — the location of State Farm's office at which the decision was made to deny the claim.