# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-00392-SCT

*HERMAN GRANT CO., INC.*

*v.*

*JO ANN WASHINGTON, ADMINISTRATOR OF THE ESTATE OF CARL W. WASHINGTON, JO ANN WASHINGTON, INDIVIDUALLY AND DERRICK FRONTRELL JONES AND JAMES R. "RUSTY" BRADFORD*


| | |
|---|---|
| DATE OF JUDGMENT: | 03/08/2016 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RYAN JEFFREY MITCHELL |
| | RICHARD O. BURSON |
| | KATHERINE BISNETTE SUMRALL |
| ATTORNEYS FOR APPELLEES: | JAMES W. NOBLES, JR. |
| | WILLIAM R. RUFFIN |
| | JOSEPH TALLY SIMS |
| | JOHN WINCIE LEE, JR. |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 03/30/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**EN BANC.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     Herman Grant Company ("Herman Grant") filed this interlocutory appeal, asking the

Court to determine if the Circuit Court of the First Judicial District of Jasper County abused

its discretion by denying its motion to transfer venue to the Second Judicial District of Jones

County. Because the trial court abused its discretion in denying the motion to transfer venue, we reverse the trial court and remand the case for further proceedings. Venue is proper in the Second Judicial District of Jones County, where a substantial event that caused the injury occurred.

## FACTS AND PROCEDURAL HISTORY

¶2. On May 29, 2013, at Dunn Road Builders, LLC, in Laurel, Mississippi, a Load Cell Pod assembly, which was part of a Weigh Pod Fly Ash Hopper and Load Cell Suspension System sold and shipped to Dunn Road Builders, LLC, by Herman Grant and Coti, Inc. ("Coti"), collapsed, striking Carl Washington and James Rusty Bradford. Both men sustained spinal fractures and other injuries. Washington died on June 13, 2013, as a result of his injuries. Bradford and the Estate of Washington (Washington) filed suit against Herman Grant, a Tennessee Corporation, and Coti, an Alabama Corporation, alleging that the Weigh Pod System product package was defective when it left the premises of Herman Grant and caused the injuries and death of Washington and the injuries and damages to Bradford.

¶3. Bradford and Washington alleged that venue was proper in the First Judicial District of Jasper County pursuant to Mississippi Code Section 11-11-3(1)(b) because "[n]either Herman Grant Company nor Coti, Inc., has qualified to do business within the State of Mississippi, neither has a principal place of business in this state and neither has appointed an agent for process within this State. Plaintiff Derrick Frontell Jones is a resident citizen of the First Judicial District of Jasper County, Mississippi."

¶4. Herman Grant filed a Motion to Transfer Venue, alleging that venue was not proper in the First Judicial District of Jasper County. Herman Grant argued that Bradford and Washington failed to follow the mandatory directive of Section 11-11-3(1)(a) and instead relied on the permissive language of Section 11-11-3(1)(b) placing venue in the First Judicial District of Jasper County. Herman Grant maintained that venue was proper in Jones County because it was the county where the "substantial alleged act or omission occurred or where a substantial event that caused the injury occurred." Herman Grant thus requested that the trial court transfer venue to the Second Judicial District of Jones County, where the accident occurred.

¶5. In response, Bradford and Washington argued that venue was proper in the First Judicial District of Jasper County because the substantial alleged act or omissions, namely the product defects, occurred in Tennessee and Alabama, not in Mississippi. Bradford and Washington alleged that only the result of those substantial acts, or the manufacturing defects, occurred in Jones County. Additionally, Bradford and Washington argued that the acts of Herman Grant and Coti, not the acts of Bradford and Washington, established venue.

¶6. Herman Grant argued that the actions which occurred in Jones County were the precise actions the venue statute contemplated when describing properly laid venue. Herman Grant contended that it shipped the weigh pod system to Dunn Road Builders, LLC, in parts. The parts were then "accepted, assembled, erected, and perhaps, most importantly, altered such that the injuries that precipitated this lawsuit occurred." Bradford testified about the extensive installation work which had to be completed in order to assemble the weigh pod

3

system. Bradford also testified that he altered the lengths of the rods from the dimensions on the drawings provided by Herman Grant. Herman Grant argued that the "installation of the weigh pod system, alteration of the system from the design specifications provided by HGC, the alleged failure of the purchased products, and the occurrence of the injury" all occurred in Jones County. Additionally, the accident occurred and the injuries and damages were inflicted in Jones County.

¶7.     At the hearing on the motion to transfer venue, Herman Grant stated that its argument was very simple. Section 11-11-3(b) could only be invoked if venue was not available under Section 11-11-3(a). Because Section 11-11-3(a) provided that venue was proper in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred, venue was proper in Jones County. Herman Grant argued that the Complaint specifically alleged that Bradford and Washington were injured when the weigh pod system broke loose and fell on them at Dunn Road Builder's plant in Laurel, Mississippi.

¶8.     Bradford and Washington argued that the venue statute contemplated the actions of the defendant, not the actions of the plaintiffs – in other words, where the damage occurred to the products as a result of the negligence of the defendants. Because this was a defective product case, they asserted that the negligence of the defendants occurred in Tennessee and Alabama.

¶9.     Herman Grant argued that Section 11-11-3(b) should not even be considered since there was a venue option under subsection (a). The event which led to the injuries and

4

damages of Bradford and Washington occurred in Jones County. Herman Grant agreed that a substantial event occurred outside of the State of Mississippi, but it also contended that a substantial act occurred in Jones County.

¶10. The judge denied the motion to transfer venue from the bench, holding that:

> In applying Section 11-11-3 to the present case, this Court finds that the defendant corporations do not have a principal place of business in the State of Mississippi. Likewise, the defendants do not have registered agents for process in Mississippi. The parties acknowledge that the defendants are not Mississippi corporations and do not do business in the State of Mississippi.
>
> This case involves allegations of a defective product. It is unclear to this Court whether the substantial event relating to the alleged defective design and manufacture of the product occurred in Mississippi or another state. While the plaintiffs were injured in the First [sic] Judicial District of Jones County, the plaintiffs allege that the injuries were a result of design and manufacturing defects which occurred outside the State of Mississippi.
>
> The Court must give the plaintiffs the benefit of the reasonable doubt where there is credible evidence supporting the factual basis for the claim of venue. The Mississippi Supreme Court has further held that the plaintiff's choice of venue must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue. Derrick Jones, the plaintiff, testified before this Court that he was a resident citizen of the First Judicial District of Jasper County and a legal heir to Carl Washington. Without a clear significant act or omission of the defendant related in Jones County related to the defect of the defendants' products, the Court finds that venue is proper in the First Judicial District of Jasper County, Mississippi.

¶11. Herman Grant appealed, raising one issue[1] to be addressed by this Court:

> Whether the trial court abused its discretion in denying Herman Grant's Motion to Transfer Venue when Plaintiffs filed suit in the county of residence of a Plaintiff (Jasper County) instead of the county where a substantial alleged

---

[1]Bradford and Washington argue that Herman Grant waived any right to challenge venue. While they raised this issue in briefing before the trial court, they failed to raise it at the hearing, and the trial court did not rule on waiver. We therefore decline to address this issue.

act or omission occurred (Jones County) and where a substantial event that caused the injury occurred (Jones County).

## ANALYSIS

¶12.    "An abuse of discretion standard of review is applied by this Court when reviewing the trial court's denial of a motion to change venue." *Merch. v. Forest Family Practice Clinic, P.A.*, 67 So. 3d 747, 754 (Miss. 2011) (quoting *Crenshaw v. Roman*, 942 So. 2d 806, 809 (Miss. 2006)).  A trial judge's ruling on such motion "will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." *Park on Lakeland Drive, Inc. v. Spence*, 941 So. 2d 203, 206 (Miss. 2006) (quoting *Austin v. Wells*, 919 So. 2d 961, 964 (Miss. 2006)).

¶13.    Section 11-11-3 of the Mississippi Code states:

(1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

(ii) Civil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product.

(b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.

Miss. Code Ann. § 11-11-3 (Rev. 2004).  "[T]he interpretation of a statute is a question of law requiring this Court to apply a de novo standard of review." *Hedgepeth v. Johnson*, 975

So. 2d 235, 237 (Miss. 2008). However, this Court has previously held that the language of this statute is plain and unambigous:

> Clearly, Section 11-11-3(1)(a)(i) lays out four venue options from which plaintiffs can choose when filing a lawsuit. The first two are based on the status of the defendant; that is, if the defendant is a resident defendant, the suit may be filed in his county of residence; or, if the defendant is a corporation, the suit may be filed in the county of its principal place of business. The latter two venue options focus on the alleged acts or omissions of the defendants; that is, the suit may be filed where a substantial alleged act or omission occurred; or, finally, suit may be filed where a substantial event that caused the injury occurred. According to the clear language of the statute, "[c]ivil actions of which the circuit court has original jurisdiction shall be commenced in" one of these four places.

*Hedgepeth*, 975 So. 2d at 238-39. Therefore, this Court applies the clear meaning of the statute, laying out the four mandatory venue options for a plaintiff filing a lawsuit. If no proper venue is available under Section 11-11-3(1)(a), only then does Section 11-11-3(1)(b) apply.

¶14. The dispute presented by this case concerns whether Bradford's and Washington's choice of venue, the First Judicial District of Jasper County, is a proper venue for this action. "It is the plaintiff's prerogative to decide where, among permissible venues, to sue the defendant. *Forrest County Gen. Hosp. v. Conway*, 700 So. 2d 324, 326 (Miss. 1997). Therefore, absent weighty reasons, a plaintiff's choice of forum should not be disturbed. *Purdue Pharma, L.P. v. Estate of Heffner*, 904 So. 2d 100, 102 (Miss. 2004)." *Bayer Corp. v. Reed*, 932 So. 2d 786, 788-89 (Miss. 2006). Neither of the first two venue options under Section 11-11-3 is applicable in this case. No defendant resides in Mississippi, Herman Grant's principal place of business is in Tennessee, and Coti's principal place of business is

7

in Alabama. Bradford and Washington allege that the "defects which were designed into, manufactured, shipped, and sold to Dunn Road Builders, LLC, for [their use], occurred in Tennessee and Alabama." Therefore, the third option under the venue statute is not applicable. So we must examine whether a "substantial event that cause the injury occurred" in the Second Judicial District of Jones County.[2]

¶15.    In *Holmes v. McMillan*, 21 So. 3d 614 (Miss. 2009), Holmes was involved in a motor vehicle accident with McMillan in the roundabout intersection at the entrance of the Jackson-Evers International Airport. *Holmes*, 21 So. 3d at 615. After the accident, McMillan filed a claim for uninsured motorist benefits with her insurance company, State Farm. *Id.* at 616. State Farm refused to pay McMillan a satisfactory amount, and McMillan filed a complaint in the County Court of Hinds County, alleging breach of contract against State Farm and negligent conduct against Holmes. *Id.* State Farm and Holmes moved to transfer venue, which was denied by the trial court, holding Hinds County was proper because the airport's property fell within the jurisdiction of the City of Jackson. *Id.*

¶16.    Reversing the trial court's denial of the motion to transfer venue, this Court held:

> Pursuant to Section 11-11-3(1)(a)(I), this Court holds that the plaintiff cannot establish venue in Hinds County pursuant to any basis provided for in the statute for the following reasons: (1) Holmes, the resident defendant, resided in Rankin County at the time of the accident; (2) corporate defendant State Farm's principal place of business is in Bloomington, Illinois, i.e., outside of Mississippi; (3) under the facts of this case, the communications received in Hinds County by McMillan between himself and State Farm are not sufficient to show that a "substantial alleged act or omission occurred" in Hinds County,

---

[2]If no substantial event causing Bradford's and Washington's injuries occurred in the Second Judicial District of Jones County, then venue would be proper in the county where Derrick Jones is a resident.

8

pursuant to this Court's precedents in *Myers* and *Hedgepeth*, and (4) *the accident-which certainly occurred in Rankin County-is "a substantial event that caused the injury*."

*Holmes*, 21 So. 3d at 618 (emphasis added). Therefore, venue was not proper in Hinds County, but was proper in Rankin County. *Id.*

¶17. "The venue statute does not allow the 'piling' of acts or events to establish venue. It specifically requires a substantial alleged act, omission, or *injury-causing event* to have happened in a particular jurisdiction in order for venue to be proper there." *Med. Assurance Co. of Miss. v. Myers*, 956 So. 2d 213, 219 (Miss. 2007) (emphasis added). The location where the accident giving rise to this suit occurred is in Laurel, Mississippi, which is in the Second Judicial District of Jones County. The Complaint specifically alleged that Bradford and Washington were injured when the weigh pod system broke loose and fell on them at Dunn Road Builder's plant in Laurel, Mississippi. Therefore, under Section 11-11-3(1)(a)(i) of the venue statute, venue is proper in the Second Judicial District of Jones County. The First Judicial District of Jasper County is not among the permissible venues that Bradford and Washington could select for this action under Section 11-11-3(1)(a)(i).

## CONCLUSION

¶18. In this case, no Mississippi resident defendant was named, the corporate defendants did not have principal places of business in Mississippi, and the alleged acts or omissions related to the defective product occurred outside Mississippi. However, the accident, which occurred in Laurel, Mississippi (in the Second Judicial District of Jones County), is "a substantial event that caused the injury." Therefore, the Second Judicial District of Jones

9

County is the proper venue in this matter. Because a permissible venue exists under Section 11-11-3(1)(a)(i), it was not proper for Bradford and Washington to select the county of residence of one of the beneficiary-plaintiffs pursuant to Section 11-11-3(1)(b). Consequently, this Court reverses the trial court's order denying the motion to transfer venue and remands the matter to the trial court for transfer to the Second Judicial District of Jones County.

¶19. **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., KITCHENS, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. RANDOLPH, P.J., NOT PARTICIPATING.**