# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-IA-00170-SCT

*CHARLES BRADLEY CARSON*

*v.*

*KIMBERLY (CARSON) LINLEY AND JAY HOWARD HURDLE*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/02/2019 |
| TRIAL JUDGE: | HON. MARK SHELDON DUNCAN |
| TRIAL COURT ATTORNEYS: | LYDIA QUARLES |
| | THOMAS L. TULLOS |
| | WYATT HAZARD |
| | KATELYN ADELE RILEY |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS L. TULLOS |
| ATTORNEYS FOR APPELLEES: | LYDIA QUARLES |
| | J. WYATT HAZARD |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 03/12/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT**:

¶1. Kimberly Carson Linley and Charles Bradley Carson are former spouses who share a child together. Following their divorce, the Chancery Court of Oktibbeha County entered a money judgment against Carson. Carson appealed the judgment to the Mississippi Supreme Court and filed an appeal bond. While the appeal was pending, Linley's attorney, Jay Howard Hurdle, executed the money judgment and had writs of garnishments issued by

the Circuit Court of Oktibbeha County. Once issued, Linley served the writs in Scott County, Mississippi, on Carson's employer and bank. Carson sued Linley and Hurdle in the Circuit Court of Scott County, alleging that they conspired to seize his funds. Linley and Hurdle filed motions to transfer venue to Oktibbeha County. The Scott County Circuit Court granted the motions and transferred venue to the Circuit Court of Oktibbeha County. Carson filed an interlocutory appeal, arguing the Scott County Circuit Court had abused its discretion by transferring venue. Because the Scott County Circuit Court abused its discretion by transferring venue, we reverse its ruling and remand the matter to the Scott County Circuit Court.

## FACTS AND PROCEDURAL HISTORY

¶2. To understand the facts and the procedural history of the interlocutory appeal, the Court must reference the facts and the procedural history of Carson's appeal from chancery court. In chancery court, Hurdle had represented Linley in her divorce from Carson. Following their divorce, Linley petitioned the Chancery Court of Oktibbeha County for modification of custody and child support against Carson.

¶3. On September 19, 2017, the chancery court awarded Linley a money judgment against Carson for $7,946.02. On September 29, 2017, Carson filed a motion for a new trial and/or reconsideration. On November 17, 2017, following the denial of his motion for a new trial, Carson appealed the money judgment and filed a notice of appeal with the chancery court. The same day, Carson also filed a supersedeas appeal bond. Sharon Livingston, the chancery

clerk of Oktibbeha County, stamped the supersedeas appeal bond as filed, but she did not electronically file the bond on Mississippi Electronic Courts.

¶4. On March 16, 2018, after the chancery court's judgment against Carson but before the clerk filed and uploaded the supersedeas appeal bond on Mississippi Electronic Courts, Linley and Hurdle, pursuant to the money judgment, served the Scott County Board of Supervisors, the employer of Carson, with a writ of garnishment of his wages. On April 4, 2018, Linley and Hurdle also served a writ of garnishment of the accounts of Carson on BancorpSouth in Scott County, Mississippi.

¶5. Carson's employer informed him of the service of the writ, and, on April 16, 2018, Carson filed a conspiracy complaint in the Scott County Circuit Court and applied for a temporary restraining order and a permanent injunction against Linley and Hurdle.[1] Linley and Hurdle filed a motion to transfer venue. Carson contested the motion, and the Scott County Circuit Court scheduled oral arguments. Before the Circuit Court of Scott County heard oral arguments in the motion to transfer venue, Carson's appeal from chancery court came before the Supreme Court of Mississippi due to issues with his supersedeas appeal bond. Acknowledging the issues with the supersedeas appeal bond, the Supreme Court of Mississippi stayed Carson's appeal from chancery court and ordered that the Oktibbeha County Chancery Court determine whether Carson properly filed the supersedeas appeal bond. Order, *Carson v. Linley*, No. 2017-TS-01603 (Miss. Aug. 20, 2018).

---

[1] Originally, Livingston was a defendant along with Linley and Hurdle, but Carson dismissed her.

3

¶6.	On December 6, 2018, while review of the supersedeas appeal bond was pending, the Scott County Circuit Court heard oral arguments about venue in Carson's conspiracy claim. Carson argued that venue was proper in the Circuit Court of Scott County because "substantial acts, as well as substantial events that caused the injury, occurred in Scott County, Mississippi." Carson's complaint alleged,

> Defendants Kimberly (Carson) Linley, Jay Howard Hurdle, and Sharon Livingston did conspire one with the other to wrongfully, and without authority of law, issue the aforesaid garnishments while such judgment was on appeal to the Supreme Court of Mississippi, with supersedeas, resulting in the wrongful taking of the property of Plaintiff, without authority of law;

> Defendants Kimberly (Carson) Linley, Jay Howard Hurdle, and Sharon Livingston did, by their extreme and outrageous conduct, intentionally or recklessly cause severe emotional distress to Plaintiff Charles Bradley Carson;

> The actions of Defendants Kimberly (Carson) Linley, Jay Howard Hurdle, and Sharon Livingston in causing the property of Plaintiff Charles Bradley Carson to be taken from him without authority of law and in violation of the appeal bond with supersedeas were willful, wanton, intentional and oppressive, and done with malice aforethought and/or gross recklessness evincing ruthless disregard for the rights of Plaintiff Charles Bradley Carson and others.

¶7.	Carson argued that under Mississippi Code Section 11-11-3(1)(a)(i), the substantial event that caused the injury to occur in Scott County was the service of the writs of garnishment on his employer and bank. Linley and Hurdle asserted that they could not have conspired against Carson because they had no notice of the bond's existence. Linley and Hurdle also argued that if there were to be a claim, it is the alleged acts or omissions that should determine venue. They argued that they took no action in Scott County and that proper venue lay in Oktibbeha County. The Scott County Circuit Court agreed and transferred venue to the Circuit Court of Oktibbeha County.

4

¶8. After the ruling, Carson petitioned the Court for an interlocutory appeal. On March 18, 2019, we granted Carson's Petition for Interlocutory Appeal by Permission and for Stay of Proceedings. On September 17, 2019, pursuant to the Court's Order pertaining to Carson's supersedeas appeal bond issue, the Oktibbeha County Chancery Court ruled that Carson properly filed his supersedeas appeal bond on November 17, 2017.[2] The sole issue before the Court is whether the trial court erred by transferring venue from the Circuit Court of Scott County to the Circuit Court of Oktibbeha County.

## STANDARD OF REVIEW

¶9. "Th[e] Court reviews a trial court's determinations regarding venue for an abuse of discretion." *Ramsey v. Auburn Univ.*, 191 So. 3d 102, 107 (¶ 17) (Miss. 2016) (citing *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1095 (¶ 9) (Miss. 2004)). "A trial judge's ruling on such motion 'will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case.'" *Herman Grant Co., Inc. v. Washington*, 214 So. 3d 266, 270 (¶ 12) (Miss. 2017) (quoting *Park on Lakeland Drive, Inc. v. Spence*, 941 So. 2d 203, 206 (¶ 6) (Miss. 2006)).

## DISCUSSION

¶10. Mississippi Code Section 11-11-3 states, in relevant part,

---

[2] During the motion-to-transfer venue hearing, Linley and Hurdle argued that Carson failed to properly file the supersedeas appeal bond, meaning they had no notice of the appeal bond's existence when they served the writs of garnishment. Our Court is not addressing the merits of the conspiracy claim.

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev. 2019).

¶11. "Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." *Hedgepeth v. Johnson*, 975 So. 2d 235, 238 (¶ 10) (Miss. 2008) (internal quotation marks omitted) (quoting *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992)). "Therefore, absent weighty reasons, a plaintiff's choice of forum should not be disturbed." *Washington*, 214 So. 3d at 271 (¶ 14) (citing *Purdue Pharma, L.P. v. Estate of Heffner*, 904 So. 2d 100, 102 (¶ 5) (Miss. 2004)). In *Hedgepeth v. Johnson*, the Court explained

> Clearly, Section 11-11-3(1)(a)(i) lays out four venue options jurisdiction shall be commenced in one of these four from which plaintiffs can choose when filing a lawsuit. The first two are based on the status of the defendant; that is, if the defendant is a resident defendant, the suit may be filed in his county of residence; or, if the defendant is a corporation, the suit may be filed in the county of its principal place of business. The latter two venue options focus on the alleged acts or omissions of the defendants; that is, the suit may be filed where a substantial alleged act or omission occurred; or, finally, suit may be filed where a substantial event that caused the injury occurred. According to the clear language of the statute, "[c]ivil actions of which the circuit court has original jurisdiction shall be commenced in" one of these four places.

*Hedgepeth v. Johnson*, 975 So. 2d at 238–39 (¶ 10) (alteration in original).

¶12. Because Scott County is neither the "county where [either of] the defendant[s] reside[]" nor "the county [where either of the defendants have their] principal place of

6

business," the Court need only consider whether Scott County is the "county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred." Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev. 2019).

¶13. The Circuit Court of Scott County made the following findings of fact when transferring the case to the Circuit Court of Oktibbeha County:

1. Carson's complaint alleged a conspiracy among three defendants that all lived in Oktibbeha County;

2. The alleged conspiracy *could have only* occurred in Oktibbeha County, Mississippi;

3. *No alleged act* or omission of the defendants occurred in Scott County, Mississippi; and,

4. No substantial event that caused the alleged injury occurred in Scott County, Mississippi.

(Emphasis added.)

¶14. The trial judge explained, in relevant part,

[T]he way I see it is what the plaintiff has alleged is basically a big conspiracy by the people in Oktibbeha County *to wrongfully seize his money, and everything that they did or didn't do in furtherance of wrongfully seizing his money happened in Oktibbeha County*, whether they were right or wrong, and I'm not -- I don't know and I'm not saying one way or another. *But that's where all of the alleged acts or omissions occurred was there*, in Oktibbeha County.

The question now is whether or not the fact that his money -- he had an account in a bank in Scott County is a substantial enough act to make venue proper in Scott County, and my opinion is that it is -- it is not. That Oktibbeha County is the proper venue for the case.

(Emphasis added.)

¶15. On appeal, Carson argues that it is the service of writs of garnishment that lay venue in Scott County. Carson cites *Tanksley*, 608 So. 2d at 1156, to support his contention. That case said, "[a] cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. This may well mean the moment injury is inflicted, that point in space and time when the last legally significant fact is found." *Id.* (citation omitted). Carson argues that the last legally significant fact here is the garnishment of his paycheck and bank account. He explains that "without those occurrences, there would be no actionable cause based upon abuse of process."

¶16. In *Tanksley*, the Court explained that a suit *accrued* when the "last legally significant fact is found." *Tanksley*, 608 So. 2d at 1156. But the Court in *Wilkerson v. Goss* addressed whether a trial court erred by denying a motion to transfer venue because the "cause of action *occurred/accrued* in Smith County, Mississippi." *Wilkerson v. Goss*, 113 So. 3d 544, 547–48 (¶ 7) (Miss. 2013) (internal quotation marks omitted). The *Wilkerson* Court explained, "The Mississippi Legislature amended Section 11–11–3 in 2004, 'to set venue where substantial acts or events causing the injury *occurred*, not where the cause of action *accrued*, as was permissible under the former statute.'" *Id.* at 547 (¶ 6) (quoting *Med. Assurance Co. of Miss. v. Myers*, 956 So. 2d 213, 217 (¶ 15) (Miss. 2007)). The *Wilkerson* Court explained that "venue is proper in Smith County only if that county is 'where a substantial *alleged* act or *omission* occurred or where a substantial event that caused the injury *occurred*.'" *Wilkerson*, 113 So. 3d at 547 (¶ 6) (quoting Miss. Code Ann. § 11–11–3(1)(a)(i) (Rev. 2004). The *Wilkerson* Court did not address whether venue was

8

proper under the definition of *accrue*, but it did address venue using the word *occur*. Carson's assertion that "without garnishment [as the last legally sufficient fact] there would be no actionable cause" would be correct if the Court applied the definition of *accrue* to determine venue. It does not.

¶17. Like the ***Wilkerson*** Court, we will not address whether venue is proper in Scott County because the cause of action accrued there. However, Carson also alleged that the cause of action *occurred* in Scott County. Therefore, the Court will look to determine if a substantial alleged act or omission or a substantial injury-causing event occurred in Scott County.

¶18. "In venue disputes courts begin with the well-pleaded allegations of the complaint." ***Tanksley***, 608 So. 2d at 1155. "These, of course, may be supplemented—and contested—by affidavits or other evidence in cognizable form." ***Id.*** (citing ***Long v. Patterson***, 198 Miss. 554, 22 So. 2d 490, 492-93 (1945)). "If the plaintiff wishes to defeat a motion to transfer venue, it follows that he or she should be prepared to present some *credible evidence* supporting his or her choice of forum." ***Wilkerson***, 113 So. 3d at 548 (¶ 8) n.9.

¶19. The basis for Carson's complaint is a conspiracy. A civil "[c]onspiracy requires a finding of[:] (1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) *one or more unlawful overt acts*; and (5) damages as the proximate result." ***Braddock Law Firm, PLLC v. Becnel***, 139 So. 3d 722, 726 (¶ 18) (Miss. Ct. App. 2013) (emphasis added) (second alteration in original)

9

(internal quotation marks omitted) (quoting *Gallegos v. Mid-S. Mortg. & Inv., Inc.*, 956 So. 2d 1055, 1060 (¶ 22) (Miss. Ct. App. 2007)).

¶20. Carson's complaint alleged that venue is proper in Scott County because "substantial acts complained of herein as well as substantial events that caused the injury occurred in Scott County, Mississippi." The complaint also contains allegations that the appellees conspired against him to unlawfully issue and serve writs of garnishment even though they were aware of the existence of a supersedeas appeal bond. A review of the record reveals that, in fact, Linley and Hurdle served two writs of garnishment in Scott County, Mississippi, for the purpose of taking Carson's funds. Importantly, Linley and Hurdle's service of the writs, their purpose, and the garnishing of Carson's funds are undisputed facts. Contesting Carson's venue choice, Linley and Hurdle argued that no alleged act or omission occurred in Scott County. Hurdle explained "that the conspiracy alleged in the subject Complaint, as well as the requests for the Writs of Garnishment, are the substantial alleged acts or omissions . . . that led to the claimed injury."

¶21. We agree with the trial court that Carson alleged a conspiracy by the appellees to wrongfully seize his money. However, the trial court erred when it concluded that "everything that the[] [appellees] did or didn't do in furtherance of wrongfully seizing [Carson's] money happened in Oktibbeha County." Carson's well-pleaded complaint, the uncontested facts, and evidence presented reveal that he alleged that a substantial act occurred in Scott County, Mississippi; specifically, service of the writs of garnishment. Linley and Hurdle agree that they served the writs in Scott County with the intent to garnish

10

Carson's funds. However, they argue no injury occurred in Scott County, explaining, "there really wasn't any money taken out of Scott County. It was a paper transaction, but no money." In other words, Linley and Hurdle argue that service of the writs is not a substantial injury-causing event.

¶22. Assuming service of the writs is not a substantial injury-causing event, an act "can nevertheless establish venue if it is both *substantial* and *alleged* by the plaintiff." *Myers*, 956 So. 2d at 218 (¶ 21). The service of the writs of garnishment in Scott County, Mississippi, is *a* substantial alleged overt act or omission in furtherance of the alleged unlawful conspiracy to seize Carson's funds. Moreover, the overt act of serving the writs in Scott County effectuated the alleged unlawful purpose of seizing Carson's funds. While it is true that the Court can construe the issuance of the writs as *a* substantial alleged act, the issuance of the writs is not the only substantial alleged act that occurred. Even if an act or omission did not cause the injury, "it can nevertheless establish venue if it is both *substantial* and *alleged* by the plaintiff." *Id.* Therefore, the Court finds that Linley and Hurdle's service of the writs in Scott County was a substantial and alleged act done in furtherance of the alleged conspiracy to wrongfully seize Carson's funds.

¶23. "It is the plaintiff's prerogative to decide where, among permissible venues, to sue the defendant." *Washington*, 214 So. 3d at 271 (¶ 14) (internal quotation marks omitted) (quoting *Forrest Cty. Gen. Hosp. v. Conway*, 700 So. 2d 324, 326 (¶ 12) (Miss. 1997)). Carson had his choice of permissible venues, and he chose Scott County, Mississippi. Because Carson produced credible evidence supporting his choice of forum, we reverse the

11

Scott County Circuit Court and remand the case for further proceedings in the Scott County Circuit Court.

## CONCLUSION

¶24.  Because the service of the writs of garnishment is a substantial alleged act in furtherance of an alleged conspiracy, Scott County, Mississippi, is a permissible venue. Accordingly, the Court reverses the Scott County Circuit Court's order granting the motion to transfer venue and remands the matter to the Scott County Circuit Court for proceedings on the merits.

¶25.  **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**GRIFFIS, JUSTICE, DISSENTING:**

¶26.  The majority finds that "the service of the writs of garnishment is a substantial alleged act in furtherance of an alleged conspiracy" and then concludes that venue is "permissible" in Scott County.  Maj. Op. ¶ 24.  I respectfully disagree.  I agree with the circuit judge that Oktibbeha County is the only proper venue given the facts of this case.

¶27.  Actually, this claim should simply be a contempt motion in the pending Oktibbeha County Chancery Court domestic-relations case between these same parties.  One litigant in that case (the plaintiff) sued the other litigant and her attorney (the defendants).[3]  The

---

[3] The plaintiff also sued the Chancery Clerk of Oktibbeha County but chose to voluntarily dismiss the clerk on the morning of the hearing for the motion to transfer venue.

plaintiff's claim is that the defendants improperly sought to execute on the judgment in violation of the stay by issuing and serving writs of garnishment. The Oktibbeha County chancellor could have quickly dealt with any damage that resulted in a contempt motion.

¶28. Instead, we have a separate lawsuit that is filed in Scott County, a different county with no relationship to the parties or the essential acts of this case. None of the parties reside in Scott County. The only act that occurred in Scott County was that the defendant attorney served two writs of garnishment on banks in Scott County. The majority finds the service of the writs of garnishment is a "substantial alleged act" that permits venue in Scott County.

The complaint alleges one claim—conspiracy. The plaintiff alleges,

13. Defendants . . . did conspire one with the other to wrongfully, and without authority of law, issue the aforesaid garnishments while such judgment was on appeal to the Supreme Court of Mississippi, with supersedeas, resulting in the wrongful taking of the property of Plaintiff, without authority of law.

14. Defendants . . . did, by their extreme and outrageous conduct, intentionally or recklessly cause severe emotional distress to Plaintiff . . . .

15. The actions of Defendants . . . in causing the property of Plaintiff . . . to be taken from him without authority of law and in violation of the appeal bond with supersedeas were willful, wanton, intentional and oppressive, and done with malice aforethought and/or gross recklessness evincing reckless disregard for the rights of Plaintiff . . . and others.

¶29. For venue to be proper in Scott County, Mississippi Code Section 11-11-3(1)(a)(1) (Rev. 2019) requires that a "substantial alleged act . . . occur" in that county. The statute clearly and unambiguously anticipates that every act will not be "substantial." Here, venue

is only proper in Scott County if the defendants' service of writs of garnishment is determined to be a "substantial alleged act."

¶30. This case is decided based on what "substantial" means under the venue statute. Merriam-Webster defines "substantial" as "consisting of or relating to substance"; "important, essential"; or "significantly great." *Substantial*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/substantial (last accessed Mar. 10, 2020). In *Medical Assurance Co. of Mississippi v. Myers*, this Court ruled,

> Finally, Dr. Myers argues that because he operated a clinic in Holmes County, a substantial injury-causing event *occurred* or *accrued* in Holmes County. However, under the amended statute, *venue is no longer set by where a cause of action accrued.* Even though Dr. Myers claims he was damaged when he experienced being uninsured in Holmes County (and in Humphreys, Washington, and Sunflower counties), this could be the *result* of substantial acts, omissions, or injury-causing events which occurred in Madison County alone. Following Dr. Myers's logic, a plaintiff injured in an automobile accident in Madison County could establish venue in every county in which the plaintiff traveled simply by showing that, in each county, his or her injuries worsened.

> The venue statute does not allow the "piling" of acts or events to establish venue. *It specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular jurisdiction in order for venue to be proper there*. In *American Home Products Corp. v. Sumlin*, 942 So. 2d 766 (Miss. 2006), the plaintiff filed suit against a pharmaceutical company for injuries sustained from taking Redux. The plaintiff obtained the prescription, filled it, and ingested the pills in Wayne County. *Id.* at 771. However, she filed suit in Smith County because the echocardiogram revealing her injuries was performed there. *Id.* Whether the test was properly performed was a major point of contention between the parties. *Id*. at 769. Nevertheless, this Court held that venue was only proper in Wayne County, saying "the performance and interpretation of an echocardiogram, alone, is not sufficient so as to constitute a 'substantial component' of this claim. Likewise, any emotional distress or psychological pain resulting from the findings of an echocardiogram does not constitute a substantial component of the claim." *Id.* at 771 (internal citations omitted). *Thus, the performance of an*

14

*echocardiogram or the place where the plaintiff experienced her injuries was not "substantial" enough to establish venue in a particular county.* The same is true of the receipt of correspondence, the location of a single clinic in a multi-clinic operation, or the place where Dr. Myers "experienced" being uninsured.

***Med. Assurance Co. of Miss. v. Myers***, 956 So. 2d 213, 219-20 (Miss. 2007) (emphasis added).

¶31.    In ***Sharkey v. Barber***, 188 So. 3d 1245, 1247 (Miss. Ct. App. 2016), Judge Ishee (now Justice Ishee of the Mississippi Supreme Court) wrote for the Court of Appeals that

> the claim of civil conspiracy does not stand alone, but is dependent on conspiring to commit a particular wrong — in this case, the intentional tort of assault. *See **Aiken v. Rimkus Consulting Grp., Inc.***, 333 F. App'x 806, 812 (5th Cir. 2009) (per curiam) (citing ***Wells v. Shelter Gen. Ins.***, 217 F. Supp. 2d 744, 755 (S.D. Miss.2002)).

¶32.    For a civil conspiracy claim to lie against the defendants, we must look to the "particular wrong" or the "unlawful act."  Here the "particular wrong" or the "unlawful act" was the *issuance* of the writs of garnishment by the chancery clerk in violation of the stay. This occurred in Oktibbeha County.  In my opinion, this was the "substantial alleged act" that gives rise to the claims asserted by the plaintiffs.

¶33.    I agree that the fact that the defendants allegedly caused the writs of garnishment to be *served* on two banks, which occurred in Scott County, was in furtherance of the conspiracy.  But I am of the opinion that the service of the writs was not a significant or substantial act upon which the courts should base venue.

¶34.    In my opinion, the circuit judge was correct and should be affirmed.  The judge considered the allegations of the complaint and determined that the service of the writs of

garnishment in Scott County was not a "substantial alleged act" under the venue statute. I agree.