LAMAR, Justice,
for the Court:
¶ 1. Ronnie and Pamela Goss filed suit against Rickey Wilkerson and Phenix Transportation, Inc. (“Defendants”), in the Chancery Court of Smith County, Mississippi, alleging that “Rickey Wilkerson fraudulently induced the plaintiffs to settle their workers’ compensation claims and to release all claims against Phenix Transportation, Inc.” in return for $65,000. The Gosses further alleged that Wilkerson knew, or should have known, that the checks would not clear due to insufficient funds. The Gosses did not allege any specific facts in their complaint nor have they presented any cognizable evidence to establish venue in Smith County.
¶ 2. Defendants timely answered the complaint, including in their answer a motion to dismiss or, alternatively, to transfer jurisdiction and venue. Defendants argued that the Gosses’ claims were legal in nature and were improperly brought in chancery court. Defendants also argued that venue was not proper in Smith County because Wilkerson resides in Scott County and Phenix has its principal place of business in Scott County. Defendants further argued that venue was not proper because no substantial act or omission or substantial event that allegedly caused the injury occurred in Smith County. The Gosses never filed a response to Defendants’ motion.
¶ 3. The chancery court heard oral argument on Defendants’ motion. No transcript exists of this hearing. The chancery court found that the settlement checks and other documents were sent to the Gosses in Smith County, and the Gosses attempted to negotiate the checks in Smith County. Therefore, the chancery court concluded that venue was proper in Smith County because the “cause of action occurred/accrued in Smith County, Mississippi.” The chancery court also found that the Gosses’ claims were “more legal than equitable in nature” and transferred the case to the Circuit Court of Smith County.[1]
¶ 4. After the chancellor entered his order denying Defendants’ motion to transfer venue, Defendants sought permission to file an interlocutory appeal, which we granted.[2] On appeal, Defendants argue *547 that the chancery court erred in denying their motion to transfer venue because (1) the chancellor relied upon facts to establish venue that the Gosses did not plead in their complaint; (2) the chancellor relied upon an earlier version of Mississippi’s venue statute; and (3) venue is proper only in Scott County, as Defendants are residents of and have their principal place of business in Scott County. The Gosses argue on appeal that the chancellor was correct in finding that venue is proper in Smith County, because that is where they received the settlement checks.
DISCUSSION
¶ 5. We review “a trial court’s grant or denial of a motion for change of venue for an abuse of discretion, but questions of law, such as interpretation of the general venue statute, are reviewed de novo.”[3]
¶6. Mississippi’s general venue statute, Mississippi Code Section 11-11-3, reads in pertinent part as follows:
(l)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the. county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.[4]
The Mississippi Legislature amended Section 11-11-3 in 2004, “to set venue where substantial acts or events causing the injury occurred, not where the cause of action accrued, as was permissible under the former statute.”[5] There is no dispute that Wilkerson lives in Scott County and that Phenix’s principal place of business is in Scott County; therefore, venue is proper in Smith County only if that county is “where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.”[6]
¶ 7. The Gosses’ complaint was filed in May 2010; therefore, the amended version of the statute clearly governs this case. However, the chancery court denied Defendants’ motion to transfer venue because the “cause of action occurred/accrued in Smith County.” The chancery court dear *548 ly erred to the extent it based its decision on where the cause of action accrued, which was permissible only under Mississippi’s former venue statute. As the chancery court’s order was equally based on its determination that the Gosses’ cause of action occurred in Smith County, we discuss whether the Gosses have shown that venue is proper in Smith County under the requirements of the current statute.
¶ 8. Mississippi Code Section 11-11-3 is a plain and unambiguous statute that should be applied according to its plain meaning.[7] “Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue.” [8] To determine if a plaintiffs choice of venue is proper, “[i]t is necessary to begin with the ‘well-pleaded allegations of the complaint[,]’ ” which may be supplemented by affidavits or “any ‘other evidence in cognizable form.’ ” [9] Our venue statute “lays out four venue options from which plaintiffs can choose when filing a lawsuit.”[10] While the first two options are based upon where the defendant resides or, if defendant is a corporation, where it has a principal place of business, the second two are based upon where the acts or omissions giving rise to the plaintiffs claim occurred.[11] Thus, in addition to where a defendant resides or has a principal place of business, the Gosses could have filed suit “where a substantial alleged act or omission occurred” or “where a substantial event that caused the injury occurred.”[12]
¶ 9. Furthermore, “even if an act or omission did not cause the injury, it can nevertheless establish venue if it is both substantial and alleged by the plaintiff.”[13] But, in this case, the Gosses did not allege in their complaint and the record does not reveal any affidavits or any other cognizable, credible evidence that would support the chancery court’s finding that the Gosses received the checks in Smith County or that the checks were dishonored in Smith County.[14] Therefore, *549 we find that the chancery court erred in relying upon facts to support his ruling which, even if taken as true, were neither alleged in the Gosses’ complaint nor supported by cognizable evidence.
¶ 10. Notwithstanding the fact that there is no record support for the allegations upon which the chancellor based his order, we find that the allegations would not support a finding of venue in that county even if properly supported by cognizable, credible evidence. We recently addressed venue in a case involving facts similar to the instant action.[15] In Myers, the plaintiff, a physician located in Holmes County, argued that his insurer, a Madison County business, had violated a statutory duty to renew his insurance.[16] The plaintiff filed an action against his insurer in the Chancery Court of Holmes County, and the insurer moved to transfer venue to Madison County.[17]
¶ 11. The chancellor found that venue was proper in Holmes County in part because the plaintiff had completed his insurance application in Holmes County, the premiums were mailed from Holmes County, there were communications between the plaintiff and the insurer when the plaintiff was in Holmes County, the plaintiff had mailed letters to and received letters from the insurer in Holmes County, and the insurer had mailed the letter advising his coverage would not be renewed to the plaintiff in Holmes County.[18]
1112. On interlocutory appeal, we noted that the plaintiffs basis for his cause of action was the insurer’s decision not to renew his insurance.[19] We found little relevance in the plaintiffs claims that he had completed an application for insurance in Holmes County or had mailed letters from that county, concluding that the plaintiff “is suing [his insurer] based on the company’s own acts or omissions, all of which occurred in Madison County.”[20] We further found that “the location of the mailbox where [the plaintiff] received his policy, non-renewal notice, or other communication from [his insurer] is likewise immaterial.”[21] We concluded that the plaintiffs “receipt of information in Holmes County is a passive function of his presence there and not a substantial event causing the damages he claims.”[22]
¶ 13. We additionally found that, even though the plaintiff claimed he was damaged when he “experienced” being uninsured in Holmes County, “this could be the result of substantial acts, omissions, or injury-causing events which occurred in *550 Madison County alone.”[23] We explained that “the venue statute does not allow the piling of acts or events to establish venue. It specifically requires a substantial alleged act, omission, or injuiy-causing event to have happened in a particular jurisdiction in order for venue to be proper there.”[24] We ultimately determined that venue was not proper in Holmes County.[25]
¶ 14. In this case, the Gosses’ basis for their lawsuit is the alleged fraudulent inducement to settle their claims. They do not argue that fraudulent acts occurred in Smith County, that they entered into the settlement agreement in Smith County, or that either defendant ever committed a fraudulent act or omission, or ever was physically present, in Smith County. Rather, they argue that they received fraudulent documents in Smith County and that they experienced having a check dishonored in Smith County. We find that, just as in Myers, the Gosses’ mere receipt of the documents in Smith County was a “passive function” of their presence there and not a substantial event causing the damages they claim.
CONCLUSION
¶ 15. For the forgoing reasons, we find that the Chancery Court of Smith County erred in its interpretation of Mississippi Code Section 11-11-3 and in denying Defendants’ motion to transfer venue. We reverse and remand this case to chancery court for entry of an order transferring the case to the Circuit Court of Scott County.[26]
¶ 16. REVERSED AND REMANDED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., CHANDLER, PIERCE AND COLEMAN, JJ„ CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.

. The parties have not appealed the chancery court’s decision that the Gosses' claims are more legal than equitable in nature.

. Although Defendants alternatively had moved the chancellor to dismiss the Gosses' claims, the chancellor did not address the motion to dismiss in the order appealed from, and the Defendants did not petition for interlocutory appeal on any issue other than venue.

. Laurel Ford Lincoln-Mercury, Inc. v. Blake-ney, 81 So.3d 1123, 1125 (Miss.2012) (citations omitted).

. Miss.Code Ann. § 11 — 11—3(l)(a)(i) (Rev. 2004) (emphasis added). The dissent would find that a discussion of venue under our general venue statute is premature without a discussion of whether venue is controlled by our Workers’ Compensation Act ("the Act”). Dis. Op. at ¶ 17. We disagree. It is well-settled that claims "based on tortious conduct subsequent to the work place injury,” such as the Gosses’ claim for fraudulent inducement to settle Ronnie Goss’s claim, fall within "recognized exceptions” to the exclusivity of the Act. Mississippi Power & Light Co. v. Cook, 832 So.2d 474, 479 (Miss.2002) (quoting Peaster v. David New Drilling Co., 642 So.2d 344, 348 (Miss. 1994)). This is because ”[t]he independent tort is not compensable under our [Act] and to extend immunity to compensation carriers for separate injury to workers goes far beyond the intent of the [A]ct.” Southern Farm Bureau Cas. Ins. Co. v. Holland, 469 So.2d 55, 59 (Miss.1984). See also McCain v. Northwestern Nat'l Ins., 484 So.2d 1001 (Miss.1986); Millerv. McRae's, Inc., 444 So.2d 368, 371 (Miss.1984). Furthermore, the Gosses also allege that they were fraudulently induced to settle Pamela Goss’s claim, which is not compensation related and clearly is not within the exclusivity provision of the Act. Because the Gosses' claims are based on an intentional tort that is an exception to the exclusivity of the Act, we find that the chancery court properly applied the general venue statute in this case.

. Medical Assurance Co. of Mississippi v. Myers, 956 So.2d 213, 217 (Miss.2007) (emphasis in original).

. Miss.Code Ann. § 11-11 — 3(l)(a)(i) (emphasis added).

. Hedgepeth v. Johnson, 975 So.2d 235, 238 (Miss.2008).

. Id. (citations omitted).

. Park on Lakeland Drive, Inc. v. Spence, 941 So.2d 203, 207 (quoting Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1155 (Miss. 1992)). To reiterate, we begin with the pleaded allegations of the complaint, which may be supplemented by affidavits or other cognizable evidence. Therefore, a plaintiff may plead facts to support his choice of forum in his complaint or present other cognizable evidence for the court to consider — we do not hold that a plaintiff must do both. Furthermore, it is well-settled that a plaintiff's choice of venue will be sustained unless there is no credible evidence supporting that choice. A defendant seeking to transfer venue is not going to produce evidence to support the plaintiff’s choice. Therefore, if the plaintiff wishes to defeat a motion to transfer venue, it follows that he or she should be prepared to present some credible evidence supporting his or her choice of forum.

. Hedgepeth, 975 So.2d at 238.

. Id.

. Id.

. Myers, 956 So.2d at 218 (emphasis in original).

. The dissent would rely on documents presented to this Court in Defendants’ petition for interlocutory appeal and on statements allegedly made at the hearing, for which we have no record. Dis. Op. at ¶¶ 27-29. However, these documents were not filed in the trial court and the hearing was not transcribed; therefore, they are not part of the record on appeal. See Miss. R.App. P. 10(a) ("the record shall consist of designated papers and exhibits filed in the trial court, the transcript of proceedings, if any, and in all cases a certified copy of the docket entries prepared by the clerk of the trial court”). On appeal, we are limited to a review of the trial court record, and for good reason. To allow *549 parties to introduce documents and facts at the appellate level, through petitions for interlocutory appeal or otherwise, without making a record at the trial-court level would no doubt result in parties attempting to slip in new evidence through the back door, and would needlessly complicate the appellate process. Furthermore, our rules provide methods for parties to supplement the record when no transcript is available and to correct or modify the record; however, these steps were not taken in this case. See Miss. R.App. P. 10(c), (e). Because the documents attached to the petition for interlocutory appeal were not made part of the record below, and no statement in lieu of a transcript from the hearing was filed with the trial court in accordance with Miss. R.App. P. 10(c), we cannot rely on the documents or statements allegedly made at the hearing.

. Myers, 956 So.2d at 218.

. Id. at 214.

. Id. at 215.

. Id. at 218.

. Id. at 219.

. Id.

. Id.

. Id.

. Id. (emphasis in original).

. Id.See also Hedgepeth v. Johnson, 975 So.2d 235, 239 (Miss.2008).

. Myers, 956 So.2d at 220.

. The dissent finds that venue is proper in either Scott or Hinds County and would remand this case for the Gosses to select from the two permissible venues. Dis. Op. at ¶ 34. It is true that a plaintiff who files a case in an improper venue shall have the right to choose between permissible venues if the action could have properly been filed in more than one court. Miss. R. Civ. P. 82(d). However, in this case, the Gosses failed to make any allegations and the record does not contain any cognizable evidence regarding where the alleged fraudulent settlement negotiations occurred. Therefore, we cannot say with certainty where the alleged fraudulent inducement occurred, and Scott County is the only proper venue based on the allegations and evidence presented to the trial court.