# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-00300-SCT

*PURDUE PHARMA L.P., PURDUE PHARMA, INC., THE PURDUE FREDERICK COMPANY, INC., TEVA PHARMACEUTICALS, USA, INC., CEPHALON, INC., JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-McNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC., n/k/a JANSSEN PHARMACEUTICALS, INC., ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS, INC., WATSON LABORATORIES, INC. n/k/a ACTAVIS LABORATORIES UT, INC., ACTAVIS LLC AND ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/13/2017 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| TRIAL COURT ATTORNEYS: | GEORGE W. NEVILLE |
| | JACQUELINE H. RAY |
| | JENNIFER F. CONNOLLY |
| | JOE N. TATUM |
| | JOHN LEE DAVIDSON |
| | STEPHEN L. THOMAS |
| | CHRISTOPHER A. SHAPLEY |
| | JOSEPH ANTHONY SCLAFANI |
| | STEVEN A. REED |
| | CHAD ROBERTS HUTCHINSON |
| | DAVID F. MARON |
| | JAMES WILLIAM MATTHEWS |
| | STEPHANIE M. RIPPEE |
| | STEVE W. BERMAN |

R. DAVID KAUFMAN
BRIAN M. ERCOLE
J. GORDON COONEY, JR.
TINOS DIAMANTATOS
ALAN W. PERRY
SIMON TURNER BAILEY
CAROLYN J. KUBOTA
CHAD ROBERTS HUTCHINSON
CHARLES C. LIFLAND
IVANA CINGEL
J. CARTER THOMPSON, JR.
JOSHUA M. DAVIS
SAMUEL DEUCALION GREGORY
JASON LIRAN DRORI
KATY ELLEN KOSKI
PAUL STEPHENSON
PATRICK J. FITZGERALD

COURT FROM WHICH APPEALED:  HINDS COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANTS:   JOSEPH ANTHONY SCLAFANI
R. DAVID KAUFMAN
CHRISTOPHER A. SHAPLEY
SHEILA BIRNBAUM
MARK S. CHEFFO
HAYDEN A. COLEMAN
STEPHEN L. THOMAS
ALAN W. PERRY
SIMON TURNER BAILEY
JOSHUA M. DAVIS
BRIAN M. ERCOLE
J. GORDON COONEY, JR.
TINOS DIAMANTATOS
STEVEN A. REED
CHAD ROBERTS HUTCHINSON
CHRISTY D. JONES
ADAM JULIUS SPICER
CHARLES C. LIFLAND
IVANA CINGAL
CAROLYN J. KUBOTA

2

ATTORNEYS FOR APPELLEE:

J. CARTER THOMPSON, JR.
DAVID F. MARON
SAMUEL DEUCALION GREGORY
OFFICE OF THE ATTORNEY GENERAL
BY: GEORGE W. NEVILLE
    JACQUELINE H. RAY
    GORDON GARLAND LYELL, III
    GEOFFREY C. MORGAN
    SAMUEL MARTIN MILLETTE
JOHN LEE DAVIDSON
JOE N. TATUM
STEVE W. BERMAN
JENNIFER F. CONNOLLY
JAMES L. WARD, JR.
ROBERT S. WOOD

NATURE OF THE CASE:         CIVIL - OTHER
DISPOSITION:                AFFIRMED AND REMANDED -10/18/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE KITCHENS, P.J., KING AND BEAM, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     In this interlocutory appeal, the Court must determine whether the location of a foreign corporation's registered agent is relevant when determining the appropriate venue for an action. We find that the adoption of the Registered Agents Act ("RAA") made the location of a corporation's registered agent irrelevant for purposes of venue.

### FACTS AND PROCEDURAL HISTORY

¶2.     On December 15, 2015, the State of Mississippi filed a complaint in the Hinds County Chancery Court against fifteen pharmaceutical manufacturers and their affiliates ("Defendants"). According to the complaint, opioids originally were designed to treat "short-

3

term post-surgical and trauma-related pain, and for palliative (end-of-life) care." However, in an effort to increase profits, the State alleged that Defendants employed a wide variety of deceptive and misleading practices designed to enter and conquer the chronic-pain market. The State alleged that Defendants, despite knowledge of the addictive nature of opioids, engaged in a marketing campaign "to create a profound transformation in medical and public perception that would permit the use of opioids not only for acute and palliative care, but also for long periods of time to treat more common aches and pains, like lower back pain, arthritis, and headaches."

¶3.    As a result, opioids moved from a niche category of drugs to the most prescribed class of drugs in America. The State averred that, in an opioid study, two-thirds of patients who consumed opioids for more than ninety days still were taking opioids approximately five years later.[1] The State also alleged that in 2012, prescription opioid use contributed to 16,007 deaths nationally. Specific to Mississippi, in 2012, ninety percent of drug-overdose deaths were caused by prescription drugs; most of the deaths were accidental. The complaint stated,

> Defendants' deceptive marketing campaign deprived Mississippi patients and their doctors of the ability to make informed medical decisions and, instead, caused important, sometimes life-or-death decisions to be made based not on science, but on hype. Defendants deprived patients, their doctors, and health care payers of the chance to exercise informed judgment and subjected them to enormous costs and suffering.

¶4.    The State alleged four common-law claims (fraud, negligent misrepresentation, unjust

---

[1]https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3235603/ (last visited October 16, 2018).

4

enrichment, and public nuisance), and a claim pursuant to the Mississippi Consumer Protection Act ("MCPA"), Mississippi Code Section 75-24-9. The complaint stated that the Hinds County Chancery Court "has subject matter jurisdiction over this action pursuant to MISS. CODE ANN. § 75-24-9, because the State brings this action, in part, to restrain by permanent injunction the use of a method, act, or practice prohibited by MISS. CODE ANN. § 75-24-5." In addition, the complaint stated that venue was proper pursuant to Mississippi Code Sections 11-11-3, 11-5-1, 75-24-9, and 9-5-81; and Article 6, Section 159, of the Mississippi Constitution.[2]

¶5.    The parties do not dispute that each defendant's principal place of business was located outside the State of Mississippi. On March 3, 2016, Defendants filed a joint motion to transfer for improper venue and to dismiss the complaint for failure to state a claim. Defendants moved the trial court to transfer the action from the Hinds County Chancery Court to the Rankin County Chancery Court pursuant to Mississippi Rules of Civil Procedure 12(b)(3) and 82(d).[3]  Attached to the motion was the affidavit of Stephanie M. Rippee,

---

[2]The State's complaint contains allegations of violations of Mississippi's Medicaid Fraud Control Act, Mississippi Code Sections 43-13-201 to -607 (Rev. 2015). Pursuant to the Medicaid Fraud Control Act, actions "may be filed in the circuit court of the First Judicial District of Hinds County. . . ." Miss. Code Ann. § 43-13-223 (Rev. 2015). The State offered no argument about why the Mississippi Medicaid Fraud Control Act did not control venue. Unlike the MPCA, no consent is needed under the Medicaid Fraud Control Act for venue to be proper in Hinds County.

[3]Mississippi Rule of Civil Procedure 82(d) provides,

When an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the

attorney of record for Defendants. Although each of Defendants' principal places of business were located outside the State of Mississippi, Rippee stated that, according to the Mississippi Secretary of State's website, Actavis Pharma had appointed as its registered agent in Mississippi CT Corporation System, which was located at 645 Lakeland East Drive, Suite 101, Flowood, Rankin County. In addition, Cephalon, Inc., had appointed as its registered agent Corporate Creations Network, Inc., located at 232 Market Street, Flowood, Rankin County.[4]

¶6.　　The State argued in opposition that the Mississippi Legislature passed the RAA to eliminate the relevance of registered agents to the question of venue. The trial court agreed, finding that the passage of the RAA made the location of a foreign corporation's registered agent irrelevant to venue analysis. Accordingly, the trial court held that, because Mississippi's general chancery-court venue statute, Mississippi Code Section 11-5-1, stated

---

court in which it might properly have been filed and the case shall proceed as though originally filed therein. The expenses of the transfer shall be borne by the plaintiff. The plaintiff shall have the right to select the court to which the action shall be transferred in the event the action might properly have been filed in more than one court.

M.R.C.P. 82(d).

[4]Cephalon has since withdrawn its authority to transact business in the State of Mississippi and has appointed the Mississippi Secretary of State as its agent for service of process. The State argues that if the RAA did not make the location of a registered agent irrelevant for venue purposes, Cephalon would now be considered a resident of Hinds County for venue purposes. However, because proper venue is determined at the time the lawsuit originally is filed, this contention is without merit. *See **Crenshaw v. Roman***, 942 So. 2d 806 (Miss. 2006).

that all cases not specifically provided for may be brought in the county in which the defendant may reside or be found, and because no defendant resided or could be found in Mississippi, Section 11-5-1 also was inapplicable to the action.

¶7.     The trial court continued that Mississippi's general venue statute, Mississippi Code Section 11-11-3, was the only state venue statute that identified criteria other than the location of a registered agent. Pursuant to Section 11-11-3, "a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled." Miss. Code Ann. § 11-11-3 (Rev. 2004). Because the State's Medicaid agency is located in Hinds County along with most state agencies, the trial court found venue to be proper in Hinds County.

¶8.     Defendants now appeal and argue that the trial court erred in finding that Hinds County was the appropriate venue for this action.

## ANALYSIS

¶9.     Defendants argue that the trial court erred in denying the motion to transfer venue from Hinds County. "The decision to grant or deny a motion for a change of venue lies within the discretion of the trial court and will not be disturbed unless the trial court abuses its discretion." *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 433 (Miss. 2007). "[T]he plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." *Wilkerson v. Goss*, 113 So. 3d 544, 548 (Miss. 2013) (quoting *Hedgepeth v. Johnson*, 975

7

So. 2d 235, 238 (Miss. 2008).

### A.      Mississippi Consumer Protection Act

¶10.    Defendants first argue that venue is improper in Hinds County pursuant to the venue statute of the Mississippi Consumer Protection Act ("MCPA"). The  MCPA mandates that actions "shall be brought in the chancery or county court of the county in which such person resides or has his principal place of business, or, with consent of the parties, may be brought in the chancery or county court of the county in which the State Capitol is located." Miss. Code Ann. § 75-24-9 (Rev. 2016). Defendants contend that because no defendant resides or has its principal place of business in Hinds County and because no defendant consented to venue in Hinds County, venue in Hinds County is not proper.

¶11.    This Court previously has held that, in cases involving a foreign corporation with its principal place of business outside the state, "the only place where it can be said to reside in this state is where an agent for service of process may be found." *Ratliff*, 954 So. 2d at 434. However, subsequent to the *Ratliff* decision, the Legislature passed the RAA. The RAA provides that

> The appointment or maintenance in this state of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity in this state. The address of the agent does not determine venue in an action or proceeding involving the entity.

Miss. Code Ann. § 79-35-15 (Rev. 2013).

¶12.    Defendants argue that the statute's language does not wholly bar consideration of a registered agent's location for venue purposes. Instead, Defendants contend that the location

8

of a registered agent does not, by itself, ultimately determine venue but is still relevant in the venue analysis. Therefore, because each Defendant's principal place of business is outside the state, the location of two Defendants' registered agents is the closest available proxy for residence. Because two Defendants maintain registered agents in Rankin County, Defendants argue that Rankin County is the proper location for the instant action. Defendants also argue that the trial court's interpretation of the RAA incorrectly overruled longstanding precedent holding that foreign corporations are subject to venue where their registered agents are located.

¶13.    We find that the trial court correctly determined that the RAA effectively made the location of a corporation's registered agent irrelevant to the venue analysis. The plain language of the statute clearly states that "the address of the agent does not determine venue in an action or proceeding involving the entity." Miss. Code Ann. § 79-35-15. As the State argues, the only ground supporting the transfer to Rankin County is that two Defendants had registered agents located in Rankin County. We disagree with the dissent's contention that the language contained in Section 75-24-9 regarding the "consent of the parties" bars this action from being brought in Hinds County. It is clear that the consent language contained in the statute applies only to *Mississippi* defendants. Section 75-24-9 provides that "the action shall be brought in the chancery or county court of the county *in which such person resides or has his principal place of business*, or, with consent of the parties, may be brought in the chancery or county court of the county in which the State Capitol is located." Miss.

9

Code Ann. § 75-24-9 (Rev. 2016) (emphasis added). Thus, because no person resides or has a principal place of business in Mississippi in this case, the consent language contained in the statute also does not apply and the statute as a whole fails to provide a venue option for foreign corporations.

¶14.    Because the RAA excluded consideration of the location of a corporation's registered agent from the question of venue, the MCPA's venue statute provides no choice of venue for foreign corporations. Thus, this Court must look to the general venue statute for chancery court actions.

### B.    Chancery-Court Venue Statute

¶15.    Defendants argue that if this Court determines that the MCPA's venue statute is not applicable, this Court should apply the general venue statute for chancery courts, Mississippi Code Section 11-5-1, to determine that venue is appropriate in Rankin County. Section 11-5-1 states in relevant part,

> [A]ll cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found; and in all cases process may issue to any county to bring in defendants and to enforce all orders and decrees of the court.

Miss. Code Ann. § 11-5-1 (Rev. 2014). The State again argues that, because the location of a foreign corporation's registered agent is irrelevant to determine venue, this statute also does not apply. We agree.

¶16.    This Court finds that the RAA overruled *Ratliff* and its holding that a non-resident defendant "resides" in the county where its agent for service of process is located. As the

10

statute provides, the address of a registered agent does not determine venue. As further

support, this Court, in *Smith v. Kansas City Southern Railway Company*, 214 So. 3d 272

(Miss. 2017), rejected the contention that "a foreign corporation could be found in any county

in which it had an agent upon whom process could be served" and stated in footnote two that

> KCS has a registered agent in Rankin County, Mississippi. However, Mississippi Code Section 79-35-15 now specifically states that "the address of the agent does not determine venue in an action or proceeding involving the entity." Miss. Code Ann. § 79-35-15 (Rev. 2013).

*Smith v. Kansas City S. Ry. Co.*, 214 So. 3d 272, 274 n.2 (Miss. 2017). Accordingly, because

the general venue statute for chancery courts also provides no venue for foreign corporations,

we must turn to the general venue statute for civil actions, Mississippi Code Section 11-11-3.

## C. General Venue Statute

¶17. Because neither of the above statutes applied to this case, the trial court found that

Mississippi Code Section 11-11-3, Mississippi's general venue statute, determined venue in

this case. The general venue statute states,

> (1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.
>
> (ii) Civil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product.
>
> (b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.

11

Miss. Code Ann. § 11-11-3 (Rev. 2004). Because the statute addresses civil actions of which the circuit court has original jurisdiction, Defendants contend that this venue statute is inapplicable to actions brought in the chancery court.[5] The statute's first section, however, pertains to "civil actions of which the circuit court has *original* jurisdiction," not *exclusive* jurisdiction. Miss. Code Ann. § 11-11-3 (emphasis added). Original jurisdiction may be shared with other courts. Moreover, only subsection 11-11-3(1)(a)(i) specifies venue in "circuit court." Every other subsection refers to "any civil actions." Section 11-11-3, therefore, is applicable to civil actions in "all courts." Miss. Code Ann. § 11-11-1 (Rev. 2004).

¶18.    Accordingly, because the general venue statute for chancery court does not apply in this case and because Mississippi's general venue statute provides criteria that do not rely on the location of a registered agent, we find that the trial court's reliance on Section 11-11-3 was appropriate. *See **Holmes v. McMillan**,* 21 So. 3d 614, 623 (Miss. 2009) (applying

---

[5]The State points out that its complaint also contains four common-law causes of action under which venue is proper in the circuit court. The State argues that Mississippi Rule of Civil Procedure 82(c) clearly allows a suit to be brought in any county in which any one of the claims could have been brought. Rule 82(c) provides,

> Where several claims or parties have been properly joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.

M.R.C.P. 82(c). As the State argues, the above claims are allowed to be tried in circuit court.

Mississippi Code Section 11-11-3 to a case initiated in county court). This interpretation of the statute is logical and avoids interpreting the MCPA to suggest that a foreign corporation may not be sued unless it consents to suit in Hinds County. While normally the specific terms of Mississippi Code Section 11-5-1 would prevail over the general terms of Section 11-11-3, because the specific terms of the general chancery-court venue statute fail to provide an appropriate venue for this action, the general terms of Section 11-11-3 apply here. *Guice v. Miss. Life Ins. Co.*, 836 So. 2d 756, 759 (Miss. 2003). Accordingly, because the State's Medicaid agency is located in Hinds County along with most state agencies, venue in Hinds County was appropriate pursuant to Section 11-11-3(b).

¶19. Defendants also argue that no real conflict exists between the RAA and Section 75-24-9. As discussed above, we disagree and affirm the trial court's denial of Defendants' motion to transfer venue to Rankin County.

**CONCLUSION**

¶20. Because the clear language of the RAA makes the location of a corporation's registered agent irrelevant for the purposes of venue, the trial court in this case correctly denied Defendants' joint motion to transfer venue to Rankin County. Therefore, we affirm the Hinds County Chancery Court's order denying a venue transfer, and we remand this case to that court for further proceedings consistent with this opinion.

¶21. **AFFIRMED AND REMANDED.**

**RANDOLPH AND KITCHENS, P.JJ., MAXWELL AND BEAM, JJ., CONCUR. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN**

**PART BY COLEMAN AND CHAMBERLIN, JJ. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHAMBERLIN AND ISHEE, JJ.; WALLER, C.J., JOINS IN PART.**

**WALLER, CHIEF JUSTICE, DISSENTING:**

¶22. Because Mississippi Code Section 11-11-3(1)(b) (Rev. 2004) applies only to venue for actions filed in circuit court and because the specific language of Mississippi Section 75-24-9 bars actions filed in Hinds County without the consent of the parties, I respectfully dissent.

¶23. The State chose to bring this action pursuant to the Mississippi Consumer Protection Act ("MCPA"). That act states in pertinent part,

> The action shall be brought in the chancery or county court of the county in which such person resides or has his principal place of business, *or, with consent of the parties*, may be brought in the chancery or county court of the county in which the State Capitol is located.

Miss. Code Ann. § 75-24-9 (Rev. 2016) (emphasis added).

¶24. While the State contends that Hinds County is proper—because the State's Medicaid Agency is located there—the language of Section 75-24-9 specifically states that, without the consent of the parties, the action is precluded from being brought in Hinds County. And nothing in the plain language of the statute limits its application to *Mississippi* defendants except the expanded definition offered by the majority opinion. It is abundantly clear that the defendants in this action are authorized to do business in Mississippi and did not consent to the action's being filed in Hinds County.

¶25. The State contends that venue should be determined by Section 11-11-3(1), not

14

Section 75-24-9, because the State brought claims for monetary damages and sought injunctive and other relief. I agree with the analysis, but I disagree with the result. Had this action been filed in circuit court, Section 11-11-3(1) would control. A legal basis certainly exists for the circuit court to have subject matter jurisdiction. Pendent jurisdiction would then lie for claims associated under the MCPA. *See State v. Walgreen Co.*, 250 So. 3d 465, 476 (Miss. 2018) ("While the equitable issues pleaded are relevant and not to be ignored, the legal issues which flowed from [defendant]s' alleged inflated reimbursement requests predominate the State's claims and requests for relief. As a result, jurisdiction properly lies in the circuit court.").

¶26.    This Court has repeatedly held that a venue provision under a specific cause of action cannot be abrogated by a general venue statute. *See Guice v. Miss. Life Ins. Co.*, 836 So. 2d 756, 759 (Miss. 2003) (citing *Green v. Winona Elevator Co.*, 319 So. 2d 224, 226 (Miss. 1975)). Similarly, this Court has held that

> [h]ad the Legislature intended for each statute to have equal footing or equal force then both statutes should have had the mandatory "shall" language . . . Accordingly, we find that mandatory language, "shall," in the general venue statute . . . controls in this case over the permissive language, "may" found in [another venue statute].

*Crenshaw v. Roman*, 942 So. 2d 806, 811 (Miss. 2006) (quoting *Capital City Ins. Co. v G.B. "Boots" Smith Corp.*, 889 So. 2d 505, 515 (Miss. 2004)). Further, when a statute "creates a cause of action which has not previously existed, the conditions upon which such right of action may be pursued are an integral part of the right granted and must be

15

followed." ***Ross v. Ross***, 208 So. 2d 194, 196 (Miss. 1968) (citing ***Price v. Price***, 202 Miss. 268, 32 So. 2d 124 (1947), *superseded by statute on other grounds as stated in **Lewis v. Pagel***, 233 So. 3d 740, 747-48 (Miss. 2017)).  A general statute is not applicable "to a special statute which not only creates a right unknown to the common law, but also prescribes the means and course of procedure, including venue, by which the right is to be asserted." ***Ross***, 208 So. 2d at 196.

¶27.   When "a statute is clear and unambiguous," this Court has found that "no further statutory construction is necessary and the statute should be given its plain meaning." ***Guice***, 836 So. 2d at 759. In addition, the language found in Section 75-24-9, that the action "shall be brought" in one of these specified venues, is mandatory. *See **Pitalo v. GPCH-GP, Inc.***, 933 So. 2d 927, 929 (Miss. 2006); *see also **Am. Home Prods. Corp. v. Sumlin***, 942 So. 2d 766, 769-70 (Miss. 2006) (holding that "shall" is mandatory, while "may" is discretionary); ***Capital City Ins. Co.***, 889 So. 2d at 516-17.

¶28.   It is a legal impossibility, however, for this case to proceed as filed. First, the action was brought in the chancery court—not in the circuit court—and the State plainly asserts in its complaint that the suit was filed in chancery court pursuant to Section 75-24-9. By its unambiguous terms, Section 11-11-3(1) applies only to "[c]ivil actions of which the *circuit court* has original jurisdiction[.]" Miss. Code Ann. § 11-11-3(1)(a)(i) (emphasis added). The specific subsection cited by the majority to obtain venue is Section 11-11-3(1)(b) which states,

16

> If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of subsection (1) [civil actions of which the *circuit* court has original jurisdiction], a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.

Miss. Code Ann. § 11-11-3(1)(b) (emphasis added).

¶29. The majority relies on ***Wilkerson v. Goss***, 113 So. 3d 544 (Miss. 2013), to conclude that venue for a suit brought under the MCPA could be established pursuant to Section 11-11-3. ***Wilkerson***, however, does not support this conclusion. The plaintiff in ***Wilkerson*** had been given a check for $65,000 to settle a workers' compensation claim. ***Id.*** at 546. The check did not clear, and the plaintiff thereafter sued Wilkerson for fraud and fraudulent inducement in the Smith County Chancery Court. ***Id.*** Wilkerson sought interlocutory relief from the refusal of the trial judge to transfer the case to the Scott County *circuit* court. ***Id.*** at 546-47. This Court reversed and remanded finding the trial court "erred in its interpretation of Mississippi Code Section 11-11-3 and in denying [d]efendants' motion to transfer venue [to Scott County *Circuit Court*]." ***Id.*** at 550 (emphasis added).

¶30. Writing for the majority in ***Wilkerson***, Justice Lamar wrote, "we find that the allegations [of Goss] would not support a finding of venue in [Smith County] even if properly supported by cognizable, credible evidence." ***Id.*** at 549. Similarly, the State's allegations here against Purdue make venue impossible in Hinds County because of the plain and unambiguous terms of Mississippi Code Section 75-24-9. Section 75-24-9 prohibits Hinds County as a permissible venue, unless it was chosen with "the consent of the parties."

¶31. Second, this Court has recognized the pendent jurisdiction of circuit courts for claims

17

filed under Section 75-24-9. ***Walgreen***, 250 So. 3d at 474. In ***Walgreen****,* the State brought an action under the MCPA in DeSoto County Chancery Court against Walgreen's, CVS, and Fred's Pharmacies for deceptive trade practices and fraudulent reporting of "inflated and customary prices" in their reimbursement requests to the Mississippi Department of Medicaid. ***Id.*** at 468. The State also sought injunctive relief under Section 75-24-9. ***Id.*** The action was originally filed in the DeSoto County Chancery Court. However, the chancery court found that, because of the State's law claims and the defendants' request for a jury trial, the circuit court was better equipped to preside over the action. ***Id.*** This Court affirmed the decision of the trial court. ***Id.*** at 477.

¶32.    A legal basis certainly supports the circuit court's exercise of subject-matter jurisdiction of the action. When an action includes both legal and equitable claims, as these cases do, this Court has repeatedly held that the circuit court is the appropriate forum. *See* ***ERA Franchise Sys., Inc. v. Mathis***, 931 So. 2d 1278, 1283 (Miss. 2006) (holding that "cases involving questions of both law and equity . . . are more appropriately brought before a circuit court when they are connected to a contractual relationship or other claims tied to questions of law"); ***Union Nat'l Life Ins. Co. v. Crosby***, 870 So. 2d 1175, 1181 (Miss. 2004) (holding that cases which involved questions of both law and equity "leads us to the conclusion that this is a lawsuit that should be filed in circuit court, not chancery court"); ***S. Leisure Homes, Inc. v. Hardin***, 742 So. 2d 1088, 1090 (Miss. 1999) ("[I]t is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear

18

actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction.").

¶33. Therefore, if pendent jurisdiction exists for claims of a violation of the MCPA, these claims should be brought in circuit court. *See **Walgreen***, 250 So. 3d at 474 ("While the equitable issues pleaded are relevant and not to be ignored, the legal issues which flowed from [defendant]s' alleged inflated reimbursement requests predominate the State's claims and requests for relief. As a result, jurisdiction properly lies in the circuit court."); ***Crosby***, 870 So. 2d at 1180 (holding that multiple claims based both in law and in equity, including a claim filed under the MCPA, "may be brought in the circuit court").

¶34. Because of our precedent in ***Walgreen***, I believe the proper course is to reverse and remand this case to the Chancery Court of Hinds County and to direct that the action be transferred to a circuit court of the State's choice so that it may properly invoke its choice of venue under Section 11-11-3(1).

¶35. For these reasons, I respectfully dissent.

**COLEMAN AND CHAMBERLIN, JJ., JOIN THIS OPINION IN PART.**

**COLEMAN, JUSTICE, DISSENTING:**

¶36. Venue is a function of statute, or so we have written in several opinions over the decades. *See, e.g.*, ***State v. Walgreen Co.***, 250 So. 3d 465, 474 (¶ 27) (Miss. 2018); ***Forrest Gen. Hosp. v. Upton***, 240 So. 3d 410, 415 (¶ 21) (Miss. 2018); ***Park on Lakeland Drive, Inc. v. Spence***, 941 So. 2d 203, 206 (¶ 8) (Miss. 2006); ***Flight Line, Inc. v. Tanksley***, 608

So. 2d 1149, 1155 (Miss. 1992). The Court's job when interpreting a statute is to honor the intent of the Legislature. *City of Jackson v. Allen*, 242 So. 3d 8, 15 (¶ 28) (Miss. 2018). Despite the axiomatic nature of the preceding two principles, today the majority runs roughshod over a crystal-clear expression by the Legislature of its intent that venue of a civil action sounding under Mississippi's Consumer Protection Act cannot lie in Hinds County absent the consent of the parties. Accordingly and with respect, I must dissent.

## I. The majority fails to explain why the prohibition against venue in Hinds County, found in Section 75-24-9, continues to apply to non-Mississippi defendants.

¶37.     In his opinion, which I join to the extent that it establishes the effect of Section 75-24-9 as a specific venue statute,[6] the Chief Justice has well explained why, as a more specific venue statute, the venue requirements of the Consumer Protection Act govern over the general venue statute and prohibit venue in Hinds County. The majority offers precious little response to the established authority upon which the Chief Justice relies, and I write to explain why, in my opinion, what little resistance is offered fails.

¶38.     In dismissing the application of Section 75-24-9, the majority takes the novel position that the statute only applies to Mississippi defendants; two fatal problems face the majority's reasoning.

¶39.     First, as explained by the majority, it is an amendment to the Registered Agent Act

---

[6]As more fully explained below, I do not join the Chief Justice's dissent to the extent that he would hold that the general venue statute, Section 11-11-3, only applies to cases filed in circuit court.

forbidding the use of a registered agent's address in determining venue that spawns today's difficulty. Prior to the amendment, nobody would dispute that Section 75-24-9's prohibition against venue in Hinds County absent consent would apply to non-Mississippi defendants or, put differently, that the Legislature intended that non-Mississippi defendants could not be sued in Hinds County without agreeing to it. Indeed, pursuant to the majority's reasoning, a non-Mississippi defendant who nevertheless maintains a principal place of business in Mississippi would fall within the statute. A change to another statute that renders one disjunctive clause of three inapplicable to only part of a class of defendants does not suffice to indicate that the Legislature intended *all* of the provisions of Section 75-24-9 to cease having any effect as to the remaining part of the class of defendants in question.

¶40. Second, if the majority means what it writes when it holds that Section 75-24-9, in its entirety, no longer applies to non-Mississippi defendants, then the majority must explain why the Legislature's decision to exclude non-Mississippi defendants from its scope does not lead to the inexorable conclusion that the Legislature intended to create a venue gap and exclude non-Mississippi defendants from suit *anywhere* in Mississippi pursuant to the Consumer Protection Act. It is one thing to render part of Section 75-24-9 inapplicable to certain non-Mississippi defendants (who maintain no principal place of business in Mississippi); it is quite another to hold that the Legislature has expressed a positive intent to exclude all out-of-state defendants from the specific venue statute.

II. **Although Section 75-24-9 continues to apply to non-Mississippi defendants, the majority correctly holds that Section 11-11-3 applies to the instant chancery**

21

**court case.**

¶41. Although, as explained above, the prohibition against venue in Hinds County absent consent of the parties applies, I agree with the majority in the following respects. First, the venue provision of the Mississippi Consumer Protection Act fails to set venue for the underlying civil action. Second, the Registered Agents Act has abrogated our caselaw that allows the Court to use the address of a corporate entity's registered agent for service of process to determine its principal place of business within Mississippi for the purpose of setting venue. Third, the chancery court venue statute, Section 11-5-1, does not provide an appropriate venue for the above-styled case. Furthermore, I agree that the circuit court general venue statute, Section 11-11-3, *does* provide the appropriate venue. Accordingly I part ways with the Chief Justice's opinion here, as he would hold that Section 11-11-3 applies only to cases filed in circuit court. As explained below, we have already held that Section 11-11-3 applies to cases filed in courts other than circuit court.

¶42. Mississippi Code Section 11-11-3 provides, in pertinent part, as follows:

> (1)(a)(i) Civil actions *of which the circuit court has original jurisdiction* shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.
>
> (ii) Civil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product.
>
> (b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.

Miss. Code Ann. § 11-11-3 (Rev. 2004) (emphasis added).

¶43. Although the State chose to file the above-styled case in chancery court, it is a case over which the circuit court enjoys original subject-matter jurisdiction. *See State v. Walgreen Co.*, 250 So. 3d 465, (Miss. 2018). In *Holmes v. McMillan*, 21 So. 3d 614 (Miss. 2009), the Court acknowledged that Section 11-11-3 applies to determine venue in county court because county and circuit courts have concurrent jurisdiction as long as the statutory requirements for county court jurisdiction are met. *Id.* at 618 n.2 (¶ 11). As it can with county court, a circuit court can share concurrent jurisdiction with a chancery court. *KD Hattiesburg 1128, Inc. v. Turtle Creek Crossing, LLC*, 237 So. 3d 157, 162-163 (¶¶21-24) (Miss. 2018). Pursuant to the holding in *Walgreen*, such is the case today. Because concurrent jurisdiction existed between the circuit and chancery court in the case *sub judice*, and because we have applied Section 11-11-3 to county courts in reliance upon the combination of concurrent jurisdiction with the circuit court's and Section 11-11-3's language extending its scope to "actions of which the circuit court has original jurisdiction," I agree with the majority that Section 11-11-3 applies. However, as set forth above and in the Chief Justice's dissent, Section 75-24-9 excludes Hinds County as a permissible venue. Accordingly, the chancery court's order should be reversed, and the case should be remanded for the parties to attempt to find another permissible venue.

**CHAMBERLIN AND ISHEE, JJ., JOIN THIS OPINION. WALLER, C.J., JOINS THIS OPINION IN PART.**